# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELONZA JESSE TYLER, | CASE NO. 1:06-CV-00092-AWI-SMS-P |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| R. DAVIS, M.D., et al., | |
| Defendants. | |

I.  Screening Order

    A.  Screening Requirement

Plaintiff Elonza Jesse Tyler ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983 (Civil Rights Act), 42 U.S.C. § 12132 (Americans with Disabilities Act), and 29 U. S. C. § 794 (Rehabilitation Act).  Plaintiff filed this action on January 27, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3  506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short
4  and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro.
5  8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is
6  and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a
7  complaint only if it is clear that no relief could be granted under any set of facts that could be proved
8  consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately
9  prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may
10 appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the
11 test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S.
12 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need
13 suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262
14 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a
15 plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal
16 interpretation of a civil rights complaint may not supply essential elements of the claim that were not
17 initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting
18 Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

19  B.  Summary of Plaintiff's Amended Complaint

20  The events at issue in the instant action allegedly occurred at Avenal State Prison, where
21 plaintiff was incarcerated at the time. Plaintiff names R. Davis, Dennis Smith, S. Douglass, J.
22 Pappenfus, Reid A. Jackman, S. Madruga, and K. Mendoza-Powers as defendants. Plaintiff is
23 seeking money damages and an equitable relief. Because plaintiff is no longer incarcerated at the
24 prison at which the events giving rise to his claims occurred, plaintiff's claims for equitable relief
25 are moot and this action shall be treated as one for damages only. Dilley v. Gunn, 64 F.3d 1365,
26 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

27  Plaintiff's claims in this action arise from the medical care he received following an injury
28 to his left knee on September 4, 2003, at Avenal State Prison. Plaintiff alleges that he could barely

walk due to the pain and was left to suffer until he was given a wheelchair in May of 2004. Plaintiff alleges he did not receive the surgery that was recommended until March 17, 2005, following an order by the Fifth District Court of Appeals, and that he has not received proper post-surgical care, including physical therapy and pain management.

C. <u>Plaintiff's Claims</u>

1. <u>Section 1983 Eighth Amendment Claim</u>[1]

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on other grounds</u>, <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. <u>McGuckin</u>, 974 F.2d at 1060 (citing <u>Shapely v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's allegations are sufficient to support a finding that plaintiff has a serious medical need. However, plaintiff's allegations do not support a finding that the named defendants acted with

---

[1] Although plaintiff alleges Eighth Amendment and due process claims, plaintiff's claims arise from the treatment he received for his medical condition. For convicted prisoners such as plaintiff, redress for such claims is sought by invoking the protections of the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment, as plaintiff's claims are based on the infliction of cruel and unusual punishment, not the deprivation of liberty without due process of law, despite plaintiff's assertion to the contrary in his complaint.

deliberate indifference to plaintiff's serious medical need. "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

At most, plaintiff's allegations suggest negligence and that plaintiff disagreed with the treatment he received at Avenal State Prison. Neither negligence nor plaintiff's disagreement with the treatment provided support a claim for relief under section 1983. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.

Some of the defendants were involved in responding to plaintiff's inmate appeal concerning his medical care. As a general principle, actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). This is because "[a prison] grievance procedure is a procedural right only, it does *not* confer any substantive right upon the inmates." Buckley, 997 F.2d at 495 (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)) (emphasis added); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

In order for plaintiff to pursue a claim for relief against the defendants involved in responding to his appeal, he must allege facts that would support a claim that defendants "deprived the [plaintiff] of the 'minimal civilized measure of life's necessities,'" and "'acted with deliberate indifference in doing so.'" Toguchi, 391 F.3d at 1057 (quoting Hallett, 296 F.3d at 744). Plaintiff's disagreement with the decisions rendered by appeals process personnel, plaintiff's belief that they did not conduct a thorough review, and plaintiff's belief that they relied on faulty evidence do not support a claim

under section 1983 because plaintiff does not have a protected interest in the processing of his appeal and his allegations do not support a claim that defendants acted with deliberate indifference to an excessive risk of harm to plaintiff.

### 2. ADA and RA Claims

Plaintiff also alleges claims for relief based on violation of the ADA and the RA. Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794. Title II of the ADA and the RA apply to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

First, "[i]ndividual liability is precluded under Title II of the ADA." Roundtree v. Adams, No.1:01-CV-06502 OWW LJO, 2005 WL 3284405, *8 (E.D. Cal. Dec. 1, 2005). "The ADA defines 'public entity' in relevant part as 'any State or local government' or 'any department, agency, special

5

purpose district, or other instrumentality of a State or States or local government.' 42 U.S.C. § 12131(1)(A)-(B) . . . . 'Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity.' *Thomas v. Nakatani*, 128 F.Supp.2d 684, 691 (D. Haw. 2000). The term 'public entity,' 'as it is defined within the statute, does not include individuals.' *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999); *see also* 42 U.S.C. § 12131(1). '"In suits under Title II of the ADA . . . the proper defendant usually is an organization rather than a natural person. . . . Thus, as a rule, there is no personal liability under Title II.' *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000); *accord Miller v. King*, 384 F.3d 1248, 1276-77 (11th Cir. 2004) . . . ." Id.; McNeely v. Perry, No. CV F 02 5385 AWI LJO P, 2006 WL 1222656, *10 (E.D. Cal. May 4, 2006) (Findings and Recommendations adopted in full on July 24, 2006). Plaintiff has not named an entity as a defendant in this suit.

Further, assuming that plaintiff may pursue a claim against individual defendants under the RA, plaintiff has not alleged facts to support such a claim. The basis for plaintiff's claims is the medical care he received while at Avenal State Prison. The treatment, or lack of treatment, concerning plaintiff's medical condition does not provide a basis upon which to impose liability under the RA or the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (Medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

For the foregoing reasons, the court finds that plaintiff's complaint does not contain a cognizable claim for relief under the ADA or the RA.

D.   Conclusion

The court finds that plaintiff's complaint does not state any claims upon which relief may be granted under section 1983, the ADA, or the RA. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.
///

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983, the ADA, or the RA;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and
4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:    August 22, 2006**          /s/ Sandra M. Snyder
icido3                                 UNITED STATES MAGISTRATE JUDGE