# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELONZA JESSE TYLER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>R. DAVIS, M.D., et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-00092-AWI-SMS PC<br><br>**SECOND ORDER DIRECTING UNITED STATES MARSHAL TO INITIATE SERVICE OF PROCESS ON DEFENDANT R. DAVIS AT ADDRESS OF RECORD WITH MEDICAL BOARD, TO BE PROVIDED UNDER SEPARATE COVER BY THE COURT** |

Plaintiff Elonza Jesse Tyler ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The United States Marshal was directed to initiate service of process on five defendants by order filed April 25, 2007. Three of the five defendants have made an appearance in this action. Status on efforts to locate defendant Jackman is unclear from the record and an inquiry into the status has been initiated. Service was returned unexecuted as to defendant R. Davis. The notations on the USM-285 form by the Marshal's Office are insufficient to allow the court to conclude that defendant Davis cannot be located. **Therefore, the Marshal shall again initiate service on defendant Davis, using Davis's address of record with the Medical Board, to be provided by the court under separate cover.**

　　　　Accordingly, IT IS HEREBY ORDERED that:

1.　　The Clerk of the Court is directed to forward the following documents to the United States Marshal:

　　　　(1)　　One completed and issued summons for <u>each</u> defendant to be served;

1

      (2)    One completed USM-285 form for <u>each</u> defendant to be served;

      (3)    One copy of the amended complaint filed on September 15, 2006 for <u>each</u> defendant to be served, plus an extra copy for the Marshal;

      (4)    One copy of this order for <u>each</u> defendant to be served, plus an extra copy for the Marshal; and

      (5)    One copy of the court's consent form for <u>each</u> defendant to be served;

2. Within ten days from the date of this order, the United States Marshal is directed to notify the following defendant of the commencement of this action and to request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c):

      **ROSS R. DAVIS, M.D.**

3. The U.S. Marshal is directed to retain the summons and a copy of the complaint in their file for future use.

4. The United States Marshal shall file the returned waiver of service, or the request for waiver of service if it is returned as undelivered, as soon as it is received.

5. If a waiver of service is not returned by a defendant within sixty days of the date of mailing the request for waiver, the United States Marshal shall:

    a.    Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the California Department of Corrections and Rehabilitation (CDCR) to execute this order. The United States Marshal shall maintain the confidentiality of all information provided by the CDCR or the court pursuant to this order.

    b.    Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by

the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

6. In the event that defendant makes an appearance in this action by filing an answer, dispositive motion, or other pleading, the U.S. Marshals Service need not personally serve defendant.

7. In the event that defendant either waives service or is personally served, defendant is required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

IT IS SO ORDERED.

**Dated:    October 25, 2007**              /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE