# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELONZA JESSE TYLER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>R. DAVIS, M.D., et al.,<br><br>　　　　　　Defendants.<br>_____ / | CASE NO. 1:06-cv-00092-AWI-SMS PC<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WITHIN THIRTY DAYS WHY DEFENDANT DAVIS SHOULD NOT BE DISMISSED FROM ACTION<br><br>(Doc. 32) |

　　　　Plaintiff Elonza Jesse Tyler ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's amended complaint, filed on September 15, 2006.  (Doc. 10.)  On April 25, 2007, the Court ordered Plaintiff to provide information to facilitate service of process on Defendants by filling out and submitting to the Court a USM-285 form and a summons for each defendant to be served.  (Doc. 11.)  Plaintiff submitted the required documents on March 20, 2007, and on April 25, 2007, the Court directed the United States Marshal to initiate service on five defendants.  (Docs. 12, 13.)  Four of the five defendants subsequently made an appearance in this action.  (Docs. 17, 22, 27.)  However, the Marshal was unable to locate and serve Defendant Davis.  (Doc. 24.)

　　　　On October 25, 2007, the Court directed the Marshal to initiate re-service on Defendant Davis at his address of record with the medical board.  The Marshal was again unable to locate and serve Defendant Davis.[1]  (Doc. 28.)  Through a public records search, the Court identified another

---

[1] Defendant's medical license status is delinquent, and the mail sent by the Marshal was returned by the post office with the notation "unable to forward."

1

possible address for Defendant and directed the Marshal to initiate re-service for the second time on March 31, 2008. The Marshal was again unsuccessful and returned the USM-285 form with service un-executed.[2] (Doc. 32.)

Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se Plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, the address originally provided by Plaintiff for Defendant Davis is no longer accurate, as Defendant is no longer employed by the California Department of Corrections and Rehabilitation. The Court has exhausted the avenues available to it in attempting to locate a valid address for Defendant. If Plaintiff is unable to provide the Marshal with current address at which Defendant Davis can be located, he must be dismissed from the action at this time. Pursuant to Rule

---

[2] The post office again returned the mail with the notation "unable to forward."

2

4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Davis should not be dismissed.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Davis should not be dismissed from this action; and

2. Either the failure to respond to this order or the failure to show good cause will result in dismissal of Defendant Davis from this action.

IT IS SO ORDERED.

**Dated:     May 7, 2008**                     /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE