# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELONZA JESSE TYLER,<br><br>            Plaintiff,<br><br>    v.<br><br>R. DAVIS, M.D., et al.,<br><br>            Defendants.<br>                                                             / | CASE NO. 1:06-cv-00092-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF AND FOR A STAY BE DENIED<br><br>(Doc. 70)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Elonza Jesse Tyler, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 27, 2006. This action is proceeding on Plaintiff's amended complaint, filed September 15, 2006. On September 1, 2009, Plaintiff filed a motion seeking a stay of these proceedings and a preliminary injunction. Plaintiff, who was at the California Medical Facility (CMF) at the time he filed the motion and in the process of being transferred, seeks an order requiring prison officials at CMF and the prison Plaintiff transfers to in the future to provide him with access to his legal material. Plaintiff also seeks an order directed at protecting his legal work. Plaintiff has since been transferred to Avenal State Prison (ASP). Defendants did not file a response.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips

1

in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A), which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

First, Plaintiff has now been transferred from CMF, rendering his motion moot, at least in part. S.E.C. v. Gemstar-TV Guide Int'l, Inc., 367 F.3d 1087, 1091 (9th Cir. 2004) (quoting Village of Gambell v. Babbitt, 999 F.d 403, 406 (9th Cir. 1993)); Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Second, to the extent that Plaintiff is still in transition at ASP and is without full access to his property, this action is proceeding against Defendants Davis and Smith for allegedly acting with deliberate indifference to Plaintiff's medical needs in 2005 at ASP.[1] Plaintiff cannot make the requisite showing for a preliminary injunction because the relief he seeks in his motion will not remedy the legal claims at issue in this action, thereby satisfying the case or controversy and statutory requirements. If Plaintiff needs additional time to comply with a court deadline, his remedy is to file a motion seeking an extension of time.

Because the Court has no jurisdiction to issue the orders sought by Plaintiff, the Court HEREBY RECOMMENDS that his motion for preliminary injunctive relief be DENIED. Further,

---

[1] In a Findings and Recommendations, the Court recommended that Defendant Davis's motion for summary judgment be granted, leaving only Plaintiff's claim against Defendant Smith pending.

1 Plaintiff has shown no circumstances justifying a stay of these proceedings, and it is
2 RECOMMENDED that his motion for a stay be DENIED.

3     These Findings and Recommendations will be submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
5 **days** after being served with these Findings and Recommendations, the parties may file written
6 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7 Findings and Recommendations."  The parties are advised that failure to file objections within the
8 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
9 1153 (9th Cir. 1991).

11 IT IS SO ORDERED.

12 **Dated:    November 19, 2009**              **/s/ Sandra M. Snyder**
                                                UNITED STATES MAGISTRATE JUDGE