# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELONZA JESSE TYLER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DENNIS C. SMITH,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. 1:06-cv-00092-SMS PC<br><br>**PRETRIAL ORDER**<br><br><u>Motions in Limine Deadline:</u> 10/6/2010<br><br><u>Opposition to Motions in Limine Deadline:</u> 10/20/2010<br><br><u>Other Pretrial Submissions:</u> 10/20/2010<br><br><u>Jury Trial:</u> 10/27/ 2010,<br>9:00 a.m.,<br>Courtroom 7 (SMS) |

　　　Plaintiff Elonza Jesse Tyler, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 27, 2006.  This action was proceeding on Plaintiff's amended complaint, filed September 15, 2006, against Defendants Davis, Smith, Jackman, Mendoza-Powers, and Madruga for acting with deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment of the United States Constitution. Following two motions for summary judgment, this action is now proceeding on Plaintiff's remaining Eighth Amendment claim against Defendant Smith, who was a staff physician at Avenal State Prison during the events at issue in this action.

**I.　Jurisdiction and Venue**

　　　The Court has subject matter jurisdiction over this federal civil rights action.  28 U.S.C. § 1331.  Venue is proper because the conduct allegedly occurred in this judicial district.

1

II. **Jury Trial**

The parties request a trial by jury. This action shall be tried by a jury of eight.

III. **Facts and Evidentiary Issues**

    A. **Undisputed Facts**

1. Plaintiff was incarcerated at Avenal State Prison at the time of the events at issue in this action.
2. Plaintiff injured his knee in September 2003 while working in the kitchen at Folsom State Prison.
3. At the time of the injury, Plaintiff refused a medical lay-in and declined the use of crutches.
4. Plaintiff was transferred to Avenal State Prison in March 2004.
5. In October 2004, Plaintiff was evaluated by Dr. David Smith, who recommended arthroscopic surgery.
6. The surgery was performed on March 15, 2005.
7. At the time of Plaintiff's surgery, Avenal State Prison did not have a physical therapist on staff.
8. Defendant Smith prescribed a course of physical therapy three times a week for three weeks.
9. Plaintiff was taken to California State Prison-Corcoran for his first physical therapy appointment, but after the first session, he was not taken back for the remaining sessions.
10. In May 2005, Defendant Smith recommended that Plaintiff be transferred to a prison that had a physical therapist on staff.
11. In June 2005, a physical therapist was hired by Avenal State Prison, and Plaintiff was evaluated by the physical therapist on June 17, 2005.
12. The physical therapist reported that Plaintiff could be walking in two weeks.
13. Dr. Davis, the Chief Medical Officer at Avenal State Prison, cancelled Defendant Smith's recommendation that Plaintiff be transferred to another prison for physical therapy.
14. Plaintiff was seen by medical staff other than Defendant Smith while incarcerated at Avenal State Prison.

///

15.  Plaintiff's knee did not improve and Plaintiff was eventually transferred to the California Medical Facility.

16.  Plaintiff had a previous injury and had surgery on his left knee in 1990.

17.  Plaintiff has been diagnosed with osteoarthritis in both knees, with the left knee more severely affected.

18.  Plaintiff is approximately six feet, two inches tall, and weighed in excess of 260 pounds at all times relevant to this case.

**B.     Disputed Facts**

1.  Whether Defendant Smith, through his actions or omissions, caused injury to Plaintiff's knee.

2.  Whether Defendant Smith had the authority to order Plaintiff's transfer to another prison.

3.  Whether Defendant Smith had the authority to order Plaintiff taken to California State Prison-Corcoran for physical therapy.

4.  Whether Defendant Smith had the authority to hire a physical therapist.

**C.     Disputed Evidentiary Issues**

1.  Whether Plaintiff can testify concerning his own medical condition or offer any opinion concerning the treatment rendered by Defendant Smith.

2.  Whether Plaintiff can authenticate any of the documents listed on his exhibit list.[1]

3.  Whether copies of statutes, regulations, manuals, or operational procedures of the California Department of Corrections and Rehabilitation and Avenal State Prison are admissible for any reason.

4.  Whether Defendant Smith's discovery responses are admissible for any purpose other than impeachment.

5.  Whether the discovery responses of any dismissed Defendant are admissible for any purpose.

6.  Whether a copy of Plaintiff's deposition is admissible for any purpose.

///

---

[1] The parties are directed to footnote 3.

7. Whether Plaintiff's statements in his deposition are admissible for any purpose other than impeachment.

8. Whether copies of any pleading or any other documents filed in this case are admissible for any purpose other than impeachment.

9. Whether copies of court orders, pleadings, or other documents from cases other than the instant case are admissible for any purpose.

10. Whether copies of newspaper articles, legal treatises, or other literature are admissible for any purpose.

11, Whether the certificates listed by Plaintiff are admissible for any purpose.

12. Whether documents related to the policies and practices of the Board of Parole Hearings are admissible for any purpose.

13. Whether documents related to Plaintiff's participation in a church fellowship are admissible for any purpose.

14. Whether the medical records listed in Plaintiff's pretrial statement are relevant or admissible in this case.

15. Whether the November 19, 2004, memorandum by the Health Care Manager regarding surgical contracts is relevant or admissible in this action.

**IV.    Relief Sought**

Plaintiff is seeking compensatory damages in the amount of $8,228,000.00 and punitive damages in the amount of $1,772,000.00.

Given that Plaintiff's claim arises from conduct which occurred in 2005, equitable relief is not available in this action. 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 129 S.Ct. 1142, 1149 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *petition for cert. filed*, 79 U.S.L.W. 3007 (U.S. Jun. 22, 2010) (No. 09-1561).

**V.    Points of Law**

**A.    Imposition of Liability Under Section 1983**

Under section 1983, Plaintiff is required to prove that Defendant (1) acted under color of state law and (2) deprived him of rights secured by the Eighth Amendment of the United States

Constitution. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must prove that Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability under section 1983, and Defendant is only liable for his own misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009).

### B. Eighth Amendment Right to Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim," Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To prevail, a plaintiff "must show that the course of treatment the doctors chose was

5

1  medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious
2  disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.
3  1986) (internal citations omitted).

### C. Punitive Damages

Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence. NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5 (2009). The jury must find that Defendant's conduct was "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1986).

### D. Federal Rules of Evidence

Federal Rules of Evidence 608 and 609 provide that evidence of a witness' prior felony conviction or instance of conduct demonstrating a propensity to lie may be used to impeach that witness' testimony. Federal Rule of Evidence 404(b) provides that evidence of prior crimes, wrongs, or acts cannot be used to prove the character of the person in order to show conduct in conformity with that character trait. Such prior acts may be admissible for other purposes only, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Id.

## VI. Abandoned Issues

None.

## VII. Witnesses

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

### A. Plaintiff's Witnesses

1. Plaintiff Elonza Jesse Tyler

     **B.**    **Defendant's Witnesses[2]**

1. Defendant Dennis Smith
2. Health Care Manager, Avenal State Prison
3. Classification and Parole Representative
4. Associate Warden, Avenal State Prison
5. Correctional Case Records Manager and Correctional Medical Records Manager[3]

## VIII. Exhibits

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

     **A.**    **Plaintiff's Exhibits**

1. Physician's Notes, December 10, 2003
2. MRI, February 2, 2004
3. Findings and Recommendations, January 13, 2009
4. Order Adopting Findings and Recommendations, February 12, 2009
5. Inmate Appeals, numbers ASP 04-0112, ASP 05-1654, ASP 04-01992, and SATF 04-02237
6. Health Care Request for Services forms
7. Wheelchair verifications
8. Duty Limitations Chronos
9. Wheelchair receipt, wheelchair cushion, wheelchair donation

---

[2] Defendant is not required to call all of the witnesses listed. However, as is the Court's general practice in cases such as this, witnesses the defense plans to call shall be present on October 27, 2010, by 10:00 a.m. and shall be available for Plaintiff to call for direct examination.

[3] Defendant requests to allow authentication of documents via declaration rather than appearance at trial. The request is granted on the condition that Defendant stipulate to the authenticity of CDCR documents Plaintiff wishes to introduce at trial (limited to those CDCR documents where authenticity is not reasonably in question). If Defendant is unwilling to stipulate, the custodians of records must personally appear and be available by 10:00 a.m. on October 27, 2010.

| | | |
|---|---|---|
| 1 | 10. | Health Care Services Physician Request for Services |
| 2 | 11. | Radiology Reports |
| 3 | 12. | Verification of spinal condition |
| 4 | 13. | Mental Health/Psychiatrist Notes |
| 5 | 14. | Letter requesting medical care |
| 6 | 15. | Fifth Appellate District order |
| 7 | 16. | Surgery report, Corcoran Hospital |
| 8 | 17. | Physical therapy report, Corcoran |
| 9 | 18. | Physician's Notes |
| 10 | 19. | Health Care Manager's statement that Avenal State Prison lost surgical contract |
| 11 | 20. | Surgery records, Queen of the Valley Hospital, Napa, CA |
| 12 | 21. | Ortho/Physician Notes |
| 13 | 22. | Medical Chronos |
| 14 | 23. | Medical surgery billing invoice |
| 15 | 24. | Defendant Smith's responses to requests for admission |
| 16 | 25. | Defendant Jackman's responses to requests for admission and interrogatories |
| 17 | 26. | Physical therapy notes |
| 18 | 27. | Plaintiff's deposition transcript |
| 19 | 28. | Counselor's evaluation |
| 20 | 29. | Amended complaint |
| 21 | 30. | Information and Resources: Osteoarthritis and Understanding Knee Replacements and |
| 22 | | Concerns After Total Knee Replacement |
| 23 | 31. | Sentencing transcripts, plea form, minute order, and abstract of judgment |
| 24 | 32. | Literature on the Board of Prison Hearings' no parole policy: San Francisco Bay Newspaper, |
| 25 | | September 19, 2007; USC Gould School of Law, September 2, 2008; and First Quarter, |
| 26 | | 2008, Prison Link newsletter |
| 27 | 33. | Fresno Bee article on report about prison doctors' incompetence, August 11, 2004 |
| 28 | /// | |

34. First and Second Bimonthly Reports, Prison Healthcare Receivership, <u>Plata v. Schwarzenegger</u>
35. Plaintiff's certificates
36. Plaintiff's Kairos Church Fellowship
37. Fresno Bee article on care of inmates at Avenal State Prison, March 21, 2007
38. Trial notes
39. Defendants Smith and Jackman's declarations

**B.  Defendant's Exhibits**

1. Plaintiff's medical records
2. Plaintiff's chronological History and KMHQ
3. Plaintiff's Abstract of Judgment

**IX.  Discovery Documents To Be Used At Trial (Answers To Interrogatories And Responses To Requests For Admissions)**

Plaintiff intends to offer Defendant Smith's responses to requests for admission, Defendant Jackman's responses to requests for admission, and Defendant Jackman's responses to interrogatories.

Defendant intends to offer portions of Plaintiff's deposition for impeachment, if necessary.

**X.  Further Discovery or Motions**

None.

Even though discovery is closed, all parties are reminded of their continuing obligation to update all discovery responses previously made if that party becomes aware of new information or becomes aware that an answer in a previous response is incomplete or incorrect. Fed. R. Civ. P. 26(e)(1).

**XI.  Stipulations**

None.

**XII.  Amendments/Dismissals**

None.

///

**XIII. Settlement Negotiations**

None to date. If the parties believe a settlement conference would be beneficial, they may contact the Court and it will arrange one before another United States Magistrate Judge.

**XIV. Agreed Statement**

None.

**XV. Separate Trial Of Issues**

As is this Court's standard practice, the Court will bifurcate the issue of punitive damages. If the jury finds that Defendant is liable for punitive damages, the Court will conduct a second phase of trial on the amount of punitive damages.

**XVI. Impartial Experts - Limitation Of Experts**

None.

Plaintiff seeks the appointment of an expert witness to help him present his case. The Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side. Fed. R. Evid. 706; Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999).

In this case, the Court requires no special assistance in deciding the issues. Ford ex rel. Ford, 291 F.3d at 1090; Walker, 180 F.3d at 1071. Further, where, as here, the cost would likely be apportioned to the government, the Court should exercise caution. The Court has a burgeoning docket of civil rights cases filed by prisoners proceeding pro se and in forma pauperis. The facts of this case are no more extraordinary and the legal issues involved no more complex than those found in the majority of the cases now pending before the Court. Accordingly, Plaintiff's motion for the appointment of an expert witness is denied.

**XVII. Attorneys' Fees**

If Defendant prevails, he will seek reasonable attorneys' fees and costs as permitted by statute.

///

///

## XVIII. Further Trial Preparation

### A. Motions In Limine Hearing and Briefing Schedule

Any party may file a motion in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. Although the Federal Rules do not explicitly provide for the filing of motions in limine, the Court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose. Luce v. United States, 469 U.S. 38, 41 n. 4 (1984); Jonasson v. Lutheran Child and Family Services, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. Id.; Hawthorne Partners v. AT & T Technologies, Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

All motions in limine must be served on the other party, and filed with the Court, by **October 6, 2010**. Any motion in limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.

Any opposition to a motion in limine must be served on the other party, and filed with the Court, by **October 20, 2010**.

If any party files a motion in limine, the Court will hear and decide such motions on the morning of trial.

**Whether or not a party files a motion in limine, that party may still object to the introduction of evidence during the trial.**

### B. Other

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If they wish to file trial briefs, they must do so on or before **October 20, 2010**.

The Court will prepare the verdict form, which the parties will have the opportunity to review on the morning of trial. If the parties wish to submit a proposed verdict form for consideration, they must do so on or before **October 20, 2010**.

The Court will prepare the jury instructions, which the parties will have the opportunity to review on the morning of trial. Defendant shall file proposed jury instructions as provided in Local

1  Rule 163 on or before **October 20, 2010**. If Plaintiff wishes to file proposed jury instructions, he
2  must do so on or before **October 20, 2010**.

3        In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury
4  Instructions to the extent possible. All jury instructions must be submitted in duplicate: One set will
5  indicate which party proposes the instruction, with each instruction numbered or lettered, and
6  containing citation of supporting authority, and the customary legend, i.e., "Given, Given as
7  Modified, or Refused," showing the Court's action, with regard to each instruction. One set will be
8  an exact duplicate of the first, except it will not contain any identification of the party offering the
9  instruction or supporting authority or the customary legend of the Court's disposition. Defendant
10 shall provide the Court with a copy of his proposed jury instructions via e-mail at:
11 smsorders@caed.uscourts.gov.

12       Proposed voir dire questions, if any, shall be filed on or before **October 20, 2010**. Local
13 Rule 162.1.

14       The parties may serve and file a non-argumentative, brief statement of the case which is
15 suitable for reading to the jury at the outset of jury selection on or before **October 20, 2010**. The
16 Court will consider the parties' statements but will draft its own statement. The parties will be
17 provided with the opportunity to review the Court's prepared statement on the morning of trial.

18       The original and five copies of all trial exhibits along with exhibit lists shall be submitted to
19 Courtroom Deputy Harriet Herman no later than **October 20, 2010**.[4] Plaintiff's exhibits shall be pre-
20 marked with the prefix "PX" and numbered sequentially beginning with 100 (e.g., PX-100, PX-101,
21 etc.). Defendant's exhibits shall be pre-marked with the prefix "DX" and lettered sequentially
22 beginning with A (e.g., DX-A, DX-B, etc.). The parties shall meet and confer,[5] and Defendant shall
23 submit any joint trial exhibits pre-marked with the prefix "JX" and numbered sequentially beginning
24 with 300 (e.g., JX-300, JX-301, etc.).

25 ///

---

[4] Original for the Courtroom Deputy, one copy for the undersigned, one copy for the court reporter, one copy for the witness stand, one copy for the opposing side, and one copy to be retained by the party.

[5] Whether in person, in writing, or via telephone shall be left to defense counsel's discretion.

1   If Defendant wishes to use a videotape or a DVD for any purpose during trial, he shall submit a copy of the videotape or DVD to Courtroom Deputy Harriet Herman by 4:00 p.m. on **October 20, 2010**. If a written transcript of audible words on the tape is available, the Court requests that the transcript be submitted to the Courtroom Deputy along with the videotape or DVD, solely for the aid of the Court.

If counsel intends to use a laptop computer for presentation of evidence or intends to use any other audio/visual equipment belonging to the Court, she shall contact Courtroom Deputy Harriet Herman at least one week prior to trial so that any necessary arrangements and/or training may be scheduled.

**XIX.   Objections to Pretrial Order**

Any party may, on or before **October 1, 2010**, file and serve written objections to any of the provisions of this Order. Such objections shall specify the requested modifications, corrections, additions or deletions.

**FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER**

IT IS SO ORDERED.

**Dated:   September 14, 2010**              /s/ **Sandra M. Snyder**
                                             UNITED STATES MAGISTRATE JUDGE